UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JUAN VALDEZ, et al.,

                        Plaintiffs,

        -against-                              **ORDER**
                                                    CV 05-4323 (JS)(ARL)

TOWN OF BROOKHAVEN, et al.,

                        Defendants.
--------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

By letter dated June 27, 2007, the plaintiffs raise several discovery issues seeking the following relief: (1) that the court so order their proposed confidentiality order; (2) that the defendants be directed to meet and confer with regard to their objection that the plaintiffs' first request for the production of documents is overly broad; (3) that the defendants be directed to send out a litigation hold to the relevant Town employees to preserve records as well as be ordered to conduct a good faith investigation into what documents (electronic or otherwise) may have already been destroyed; (4) that the court compel the deposition of a Rule 30(b)(6) witness from the Brookhaven Department of Law (the "Law Department"). Defendants oppose the application by letter also dated June 27, 2007 and cross-move to quash the deposition subpoena served on former Town Supervisor John Jay LaValle and for a protective order with regard to the deposition notice for the current Town Supervisor, Brian X. Foley. Plaintiffs have responded to the defendants' cross-motion by letter dated July 2, 2007. Both parties have requested that the court schedule a conference to address these issues. The court finds that a conference is not necessary at this time. For the reasons that follow, plaintiffs' application is granted in part and denied in part and the defendants' application is denied with leave to renew, if necessary.

First, with regard to the plaintiffs' request that the court so order their proposed umbrella protective order so that discovery may proceed in this case, that prong of the plaintiffs' application is denied. Broad confidentiality orders such as the one proposed here are generally entered pursuant to stipulation by the parties. As the parties have been unable to reach agreement with regard to the terms of such an agreement, this court's authority to enter a protective order is limited by the provisions of Rule 26(c) which requires a particularized showing. In re Zyprexa Injunction, 474 F. Supp.2d 385, 413-18, 421-23 (E.D.N.Y. 2007). However, to the extent that the parties have agreed that certain categories of documents are confidential, they can submit a proposed order for the court's approval. Discovery will not be further delayed, however, by the parties' failure to stipulate to a confidentiality order.

Second, the court addresses the defendants' objection to the plaintiffs' first request for the production of documents. In this regard, the plaintiffs seek an order directing the defendants to meet and confer in good faith concerning their objection that the requests are overly broad. According to the defendants, they did attempt to discuss their objections with defense counsel, but "it was clear early on in the conversation that there would be no resolution." Although plaintiffs' request is granted, the court notes that the sampling provided by defendants strongly suggests that some requests may indeed be overly broad. Given that the defendants state that they need an unspecified amount of time to respond and that plaintiffs seek time to review said documents before the first scheduled deposition, the parties have a strong incentive to resolve this matter being mindful of the September 28, 2007 deadline for the completion of all discovery.

Third, the plaintiffs request that the court direct defense counsel to send out a litigation hold to the relevant Town employees to preserve records as well as to conduct a good faith investigation into what documents (electronic or otherwise) may have already been destroyed.

The apparent basis for this request is a conversation during which defense counsel reportedly advised that the "Town has a history of terrible record keeping."  Defense counsel denies any such conversation occurred.  The law is clear that there is an obligation to preserve evidence "when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation", see Zubulake v. UBS Warburg, LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (citing Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001); Kronish v. United States, 150 F.3d 112, 126 (2d Cir. 1998)).  To the extent, however,  plaintiffs seek a preservation order that request is denied.  Preservation orders are burdensome and expensive and in the absence of a clear need should not be lightly entered.  See, e.g., Treppel v. Biovail Corp., 233 F.R.D. 363, 370-71 (S.D.N.Y. 2006).

Finally, the plaintiffs move to compel the deposition of a Rule 30(b)(6) witness from the Brookhaven Department of Law (the "Law Department").  According to the plaintiffs, they have noticed said deposition because the Law Department allegedly established and supervised the operation which the plaintiffs' claim illegally targeted Latino residents for eviction.  In executing this operation, the plaintiffs assert that the Law Department may have drafted the list of homes to target, set the investigator's agenda, and did supervise the ongoing investigations, all of which are relevant to the issues in this case.  Defendants assert that the plaintiffs' notice of deposition to the Law Department is inappropriate because said deposition would reveal communications that are protected by the attorney-client privilege.  Defendants argue that the communications between the attorneys within the Law Department and employees and agents of the Town regarding code enforcement were made for the purpose of providing legal advice and prosecutorial services.  As such, these communications are protected by the attorney-client privilege and therefore the defendants seek a protective order.  While it is well-established that

communications made for the purpose of providing legal advice are protected by the attorney-client privilege, the privilege is limited to said communications. Given that the deposition has not yet occurred, the defendants do not know what questions will be asked and whether the responses would call for the disclosure of privileged communications. Thus, the defendants' assertion of the attorney-client privilege in advance of the deposition is premature. Accordingly, the plaintiffs' motion to compel the deposition of a Rule 30(b)(6) from the Law Department is granted.

Finally, the court addresses the defendants' cross-motion to quash the subpoenas served by the plaintiffs on former Town Supervisor, John Jay LaValle and for a protective order with regard to the deposition notice served on the current town supervisor, Brian X. Foley. Plaintiffs oppose the motion by letter dated July 2, 2007. According to the plaintiffs, the defendants have side-stepped their obligation to meet and confer on this issue having raised an objection to these depositions for the first time in their letter to the court. Defendants do not contend otherwise. Accordingly, the parties are directed to meet and confer in good faith on this issue on a mutually agreeable date not later than July 20, 2007. The parties are reminded that the court interprets good faith as in person contact either on the telephone or in person. Accordingly, the defendants' cross-motion is denied at this time.

Dated: Central Islip, New York  
      July 5, 2007

SO ORDERED:

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge